119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Prince COVINGTON, individually and as personal
representative of the Estate of Deceased Minor
Child Joshua Covington, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 96-15205, CV-94-00330-ACK.
 United States Court of Appeals, Ninth Circuit.
 Submitted** July 15, 1997.
Decided July 17, 1997.
 
 1
 Appeal from the United States District Court for the District of Hawaii, No. CV-94-00330-ACK; Alan C. Kay, District Judge.
 
 
 2
 Before: CHOY and HALL, Circuit Judges, and SHADUR, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Prince Covington appeals the district court's judgment in favor of the United States after a bench trial in this suit under the Federal Tort Claims Act. We affirm.
 
 
 5
 Joshua Covington, Prince Covington's 11-year-old son, drowned in the ocean off a beach at Bellows Air Force Base, Oahu, Hawaii, on April 19, 1992. The sea was relatively calm, and lifeguards had posted the "safe to swim" sign. While playing with other children, Joshua was knocked down by a wave and did not resurface. Initially, the district court found, one lifeguard acted in a panicked and ineffective manner. Although other lifeguards and adults present attempted to look for Joshua, the water was cloudy and visibility was limited to a few feet at most. After lifeguards had cleared the water in the surrounding area in the hope of making a more thorough search, Joshua was found in approximately 18 inches of water, about five yards from where he went under. Prince Covington sued under the Federal Tort Claims Act, alleging that the United States, as owner of the beach and employer of the lifeguards, was responsible for Joshua's death.
 
 
 6
 The Act makes the United States liable for torts to the same extent and in the same manner as a private individual would be under like circumstances. 28 U.S.C. § 2674. The Hawaii Recreational Use Statute provides that "an owner of land owes no duty to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." Haw.Rev.Stat. § 520-3. In Palmer v. United States, 945 F.2d 1134, 1137-38 (9th Cir.1991), this court held that the grant of immunity applies even when the landowner voluntarily assumes a duty of care, such as by hiring lifeguards. Following this precedent, the district court correctly concluded that a private landowner would not be liable for any negligent conduct by the lifeguards that caused Joshua's death. As a result, the government is not liable under the Tort Claims Act for mere negligence.
 
 
 7
 Covington also contends that the government is liable under an exception to the recreational use statute for wilful injuries. Haw.Rev.Stat. § 520-5(1) provides that liability may still exist "for wilful or malicious failure to guard or warn against a dangerous condition, use, or structure which the owner knowingly creates or perpetuates...." We agree with the district court that the ocean itself cannot constitute a dangerous condition created by the government. See Viess v. Sea Enterprises Corp., 634 F.Supp. 226, 229-30 (D.Haw.1986). Covington more plausibly argues that by having an insufficient number of lifeguards and not providing adequate equipment or training, the government knowingly made the ocean more dangerous, and by posting the "safe to swim" sign, failed to warn about it.
 
 
 8
 After trial, the district court found that the training and equipment of the lifeguards was adequate. Furthermore, although staffing for the overall beach may have been insufficient, there were enough lifeguards on the part of the beach open for swimming, which is where the drowning occurred. The court also concluded that lifeguards properly displayed the "safe to swim" sign in light of the general surf conditions. These findings were not clearly erroneous on the evidence presented at trial.
 
 
 9
 We also find no evidence that the failure to guard or warn was wilful or malicious. Although Hawaii courts have not defined "wilful or malicious" in the context of the recreational use statute, the Hawaii Supreme Court in interpreting other statutes has stated that this language requires specific intent to cause injury. See Iddings v. Mee-Lee, 919 P.2d 263, 272 (Haw.1996). The evidence clearly does not support a finding of wilfulness under this definition. We reach the same conclusion even under the somewhat broader test used by California and other states in applying similar recreational use statutes. It requires "(1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) conscious failure to act to avoid the peril." Termini v. United States, 963 F.2d 1264, 1267 (9th Cir.1992). It may be that the government had actual or constructive knowledge of the peril of drowning. But we find no evidence of knowledge that the injury was probable, as opposed to merely possible. Conditions were fairly calm on the day of the accident, and there was no history of drownings at this beach that would have put the government on notice that this sort of accident was probable. The district court correctly found that any failure to warn was not wilful.
 
 
 10
 The exception to the recreational use statute does not apply, and the district court properly found in favor of the United States. The judgment of the district court is AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Hon. Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3